UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

       AVENICA, INC.,

              Debtor.
---------------------------------------------------------X
In re:

       GALLANT CAPITAL MARKETS,

              Debtor.
---------------------------------------------------------X

Chapter 11
Case No.: 17-41813-ess

Chapter 11
Case No.: 17-41814-ess

## DEBTORS' MOTION FOR JOINT ADMINISTRATION

Avenica, Inc. ("*Avenica*") and Gallant Capital Markets ("*GCM*"), by their proposed undersigned counsel, submit this motion (the "*Motion*") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") seeking entry of an order substantially in the form attached hereto as Exhibit "A" authorizing the joint administration of their chapter 11 cases. In support of this Motion, the Debtors rely upon the *Affidavit Pursuant to* E.D.N.Y. LBR 1007-4 (the "Affidavit") which has been filed with the Court on the date hereof and incorporated herein by reference], and respectfully represent as follows:

### Preliminary Statement

1. The Debtors estimate that, among the two debtor entities, that there exist in excess of 1,200 customers and parties-in-interest in these chapter 11 bankruptcy cases. Joint administration will allow for the efficient and convenient administration of these chapter 11 cases, will yield significant cost savings that will inure to the benefit of all interested parties, and will not harm the substantive right of any party in interest. In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving

considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court. The Debtors believe that the relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined herein). The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion. The Debtors anticipate that their principal unsecured creditors will not oppose the relief requested herein, which seeks procedural relief only.

### Jurisdiction and Venue

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Rule 1015(b) of the Bankruptcy Rules and Local Rule 1015-1(B).

### Background

4.     On April 14, 2017 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*") with this Court. Both cases have been assigned to the Hon. Elizabeth S. Stong.

5.     The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties-in-interest to the Affidavit.

**Relief Requested**

7. The Debtors seek entry of an order directing the joint administration of their chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

8. In addition, the Debtors request that one file and one docket be maintained for the jointly administered cases, under the case of Gallant Capital Management. Finally, the Debtors request that all pleadings, motions, and notices filed in connection with the Debtors' chapter 11 cases contain the following caption:

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:
                                                              Chapter 11
    AVENICA, Inc., et al.,[1]                                 Case No.: 17-41813-ess

              Debtor.                                         (Jointly Administered)

-------------------------------------------------------------X
```

**Basis for Relief**

9. Bankruptcy Rule 1015(b) provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Bankruptcy Rule 1015(b).

10. As described in the Affidavit, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. The Debtors operate as an integrated global business with common ownership and control. The Debtors also share a number of financial and operational systems. As a result, many of the motions, hearings and orders that will arise in these cases will affect both Debtors.

---

[1] The last four digits of the taxpayer identification number of Avenica, Inc. is 6185. As an entity incorporated in the British Virgin Islands, Gallant Capital Management does not have a tax identification number. The principal offices of the Debtors are located at 50-68 44th Street, Woodside, NY 11377-7320.

11. Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping. Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. The Debtors submit that joint administration of their chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtors, their estates and creditors.

13. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates. As such, the Debtors will continue as separate and distinct legal entities and will continue to maintain their books and records in the ordinary course. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

14. Section 342(c)(1) of the Bankruptcy Code provides "[i]f notice is required to be given by the debtor to a creditor under this title, any rule, any applicable law, or any order of the

court, such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The proposed caption includes all required information and therefore satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

15. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered in the docket of Avenica, Inc. to reflect the joint administration of the cases:

> An order has been entered in this case directing procedural consolidation and joint administration of the chapter 11 cases of Avenica, Inc. and Gallant Capital Management. The docket of Avenica, Inc. (Case No. 17-41813-ess) should be consulted for all matters affecting this case.

16. The Debtors also seek authority to file the monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the office of the United States Trustee for this district (the "*U.S. Trustee*") on a consolidated basis. The Debtors will maintain separate disbursement reports.

17. The Debtors submit that filing the monthly operating reports required by the U.S. Trustee on a consolidated basis will further administrative economy and efficiency without prejudice to any party in interest and would accurately reflect the Debtors' consolidated business operations and financial affairs.

18. For the foregoing reasons, the Debtors submit that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

19. Accordingly, the Debtors submit that the relief requested in this Motion is in the best interests of the Debtors, their estates, and other parties-in-interest.

**Notice**

20.     Notice of this Motion is being provided to: (a) the top 20 general unsecured creditors of each of the Debtors; (b) the Office of the United States Trustee; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; and (e) any party that has requested notice in these chapter 11 cases. The Debtors submit that this proposed notice and service constitute reasonable and proper notice under the circumstances and that no further or other notice is required.

**No Prior Request**

21.     No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order, in the form annexed hereto as Exhibit "A," authorizing the joint administration of these chapter 11 cases for procedural purposes only and granting such other and further relief as is just and equitable.

Dated:  April 24, 2017
        New York, New York

*/s/ Irene M. Costello*

SHIPKEVICH PLLC
65 Broadway
Suite 508
New York, NY 10006
Telephone: (212) 252-3003
Facsimile: (212) 596-9090
icostello@shipkevich.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT "A"**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                                                               Chapter 11

AVENICA, INC.,                                                   Case No.: 17-41813-ess

                      Debtor.
------------------------------------------------------------X
In re:

                                                                        Chapter 11

GALLANT CAPITAL MANAGEMENT,      Case No.: 17-41814-ess

                    Debtor.
------------------------------------------------------------X

## ORDER DIRECTING JOINT ADMINISTRATION
## OF RELATED CHAPTER 11 CASES

Upon the motion (the "*Motion*")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "*Debtors*") for entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. § 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the Declaration and upon consideration of the Motion and all of the pleadings related thereto, and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1. The Motion is granted to the extent set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 17-41813-ess in accordance with Bankruptcy Rule 1015(b).

3. The joint caption of the Debtors' cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

AVENICA, INC., *et al.*,[3]

        Debtor.

Chapter 11
Case No.: 17-41813-ess

(Jointly Administered)

-------------------------------------------------------------.

4. All original pleadings shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of Gallant Capital Management, Case No. 17-41814-ess.

5. A docket entry shall be made in the Avenica, Inc. chapter 11 case substantially as follows:

> "An order has been entered in this case directing procedural consolidation and joint administration of the chapter 11 cases of Gallant Capital Management and Avenica, Inc. that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Avenica, Inc., Case No 17-41813-ess should be consulted for all matters affecting this case."

6. The Debtors may file a single monthly operating report as required by the Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees, issued by the Executive Office of United States Trustees (rev. 11/27/13) for the jointly administered

---

[3] The last four digits of the taxpayer identification number of Avenica, Inc. is 6185. As an entity incorporated in the British Virgin Islands, Gallant Capital Management does not have a tax identification number. The principal offices of the Debtors are 50-68 44th Street, Woodside, NY 11377-7320.

Debtors. However, the monthly operating report shall be filed on a consolidating (not consolidated) basis. The report shall contain on a consolidating basis the information required for each Debtor that tracks and breaks out all of the specific information, *e.g.,* receipts, disbursements, etc. on a debtor-by-debtor basis.

      7.      This Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Order.

Dated: _____, 2017
       Brooklyn, New York