**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: 516.826.6500
Joseph S. Maniscalco, Esq.
Jacqulyn S. Loftin, Esq.
*Counsel to Esther DuVal, Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| AVENICA, INC., et al., | Case Nos.: 17-41813-ESS |
| | 17-41814-ESS |
| | (Jointly Administered) |
| Debtors. | |

---------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| GALLANT CAPITAL MARKETS, LTD., | Case No. 17-41814-ESS |
| Debtor. | |

---------------------------------------------------------------x

**NOTICE OF HEARING ON THE MOTION OF CHAPTER 11 TRUSTEE
SEEKING THE ENTRY OF AN ORDER APPROVING THE STIPULATION RESOLVING
THE TRUSTEE'S CLAIMS AS AGAINST THE GCM PRIME PARTIES PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a)**

**PLEASE TAKE NOTICE,** that on **June 11, 2019 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing shall be held before the Honorable Elizbeth S. Stong, United States Bankruptcy Judge, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201, on the motion (the "Motion") of Esther DuVal, solely in her capacity as the Chapter 11 Trustee (the "Trustee") of the jointly administered estates of Avenica Inc. and Gallant Capital Markets Ltd. (collectively, the "Debtors"), by her attorneys, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the stipulation by and between the Trustee,

1

on behalf of the Gallant Capital Markets Ltd. estate, and the GCM Prime, Ltd., Prime Trading Holdings, Corp., and Salvatore Buccellato (the "GCM Prime Parties") resolving any and all claims asserted by the Trustee against the GCM Prime Parties, a copy of which is annexed to the Motion as **Exhibit "A"**, and granting such other, further, and different relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with Title 11 of the United States Code, the Bankruptcy Rules and the Local Rules, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Joseph S. Maniscalco Esq., no later than **June 4, 2019 at 5:00 p.m.** as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: May 16, 2019
       Wantagh, New York

                      **LAMONICA HERBST & MANISCALCO, LLP**
                      Counsel to Esther DuVal, Chapter 11 Trustee

     By:    *s/ Joseph S. Maniscalco*
               Joseph S. Maniscalco, Esq.
               3305 Jerusalem Avenue
               Wantagh, New York 11793
               Telephone: 516.826.6500

**LaMonica Herbst & Maniscalco, LLP**  
3305 Jerusalem Avenue  
Wantagh, New York 11793  
Telephone: 516.826.6500  
Joseph S. Maniscalco, Esq.  
Jacqulyn S. Loftin, Esq.  
*Counsel to Esther DuVal, Chapter 11 Trustee*

Hearing Date: June 11, 2019 at 10:00 a.m.  
Objections Due: June 4, 2019 by 5:00 p.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
---------------------------------------------------------------x  

In re:

    AVENICA, INC., et al.,

              Debtors.

Chapter 11

Case Nos.: 17-41813-ESS  
              17-41814-ESS  
(Jointly Administered)

---------------------------------------------------------------x  

In re:

GALLANT CAPITAL MARKETS, LTD.,

              Debtor.

Chapter 11

Case No. 17-41814-ESS

---------------------------------------------------------------x  

**MOTION OF THE CHAPTER 11 TRUSTEE SEEKING THE ENTRY OF AN ORDER APPROVING THE STIPULATION RESOLVING THE TRUSTEE'S CLAIMS AS AGAINST THE GCM PRIME PARTIES PROCEEDING PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a)**

**To:**     **The Honorable Elizabeth S. Stong**  
        **United States Bankruptcy Judge**  
        **United States Bankruptcy Court**  
        **Eastern District of New York**

    Esther DuVal, solely in her capacity as the Chapter 11 Trustee (the "Trustee") of the jointly administered estates of Avenica Inc. ("Avenica") and Gallant Capital Markets Ltd. ("Gallant", along with Avenica shall be referred to herein as the "Debtors"), by her attorneys, LaMonica

Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the stipulation by and between the Trustee, on behalf of the Gallant estate, and the GCM Prime, Ltd., Prime Trading Holdings, Corp., and Salvatore Buccellato (the "GCM Prime Parties", along with the Trustee are referred to herein as the "Parties"), resolving any and all claims asserted against the GCM Prime Parties (the "Stipulation"), a copy of which is annexed to the Motion as **Exhibit "A"**, and granting such other, further, and different relief as this Court deems just and proper, and respectfully states as follows:

## JURISDI CTION AND VENUE

1. This Court has jurisdiction over this bankruptcy case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this bankruptcy case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Bankruptcy Rule 9019(a).

## BACKGROUND

**A.      Procedural Background**

4. On April 14, 2017 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Eastern District of New York (the "Court").

5. The Debtors were operating their businesses and managing their affairs as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

6.      On April 25, 2017, the Debtors, through counsel, submitted a motion for joint administration, which was amended thereafter by the Debtors [Dkt. Nos. 10 and 39].

7.      By Order dated May 30, 2017, Esther DuVal, CPA was appointed as the Trustee of the Debtors' cases [Dkt. No. 67].

8.      Pursuant to Bankruptcy Code § 1108, the Trustee is authorized to operate the Debtors' businesses.

9.      By Amended Order entered on August 29, 2017, the Debtors' cases are being jointly administered [Dkt. No. 145].

## B. **Pre-Litigation Discovery**

10.     During the course of the administration of this estate, the Trustee engaged in pre-litigation discovery with the GCM Primer Parties in a concerted effort to narrow claims and issues that were asserted against those parties. Instead of engaging in protracted litigation, the Trustee pursued pre-litigation discovery, including, the analysis of extensive documentation relating to the Trustee's claims, as well as several conferences with the GCM Prime Parties to discuss the Trustee's findings. Indeed, during her investigation, the Trustee uncovered purported transfers, potential breaches and incorrect reconciliations. Notably, the GCM Prime Parties were forthright and did not withhold any documentation requested by the Trustee relating to her inquiries. The GCM Prime Parties did, however, assert defenses to such claims and provided explanations into the manner in which the Debtors and the GCM Prime Parties conducted business.

11.     After months of settlement negotiations, the Parties agreed to a settlement of the Trustee's claims as set forth in the terms of the Stipulation. The settlement was negotiated in an

arms-length manner and took into consideration all of the Trustee's claims and the defenses raised by the GCM Prime Parties.

12. As a result of those efforts, the Parties resolved all asserted claims under the terms of the proposed Stipulation, the salient terms of which are set forth herein. All parties are encouraged to review the Stipulation, annexed hereto as Exhibit "A", to review the term of the Stipulation in their entirety.

**C.     The Stipulation of Settlement**

13. The GCM Prime Parties will pay the sum of Seven Hundred Fifteen Thousand U.S Dollars ($715,000) (the "Settlement Sum") in full and final satisfaction of any and all claims the Trustee and the Debtors' estates have or may have. The Settlement Sum is to be paid to the Trustee, on behalf of the Gallant estate, upon the entry of a final Order approving the Stipulation by the Bankruptcy Court.

14. On or before May 31, 2109, the GCM Prime Parties will provide the Settlement Sum to counsel for the GCM Prime Parties to be held in escrow by their counsel. Upon entry of a Final Order approving the Stipulation, counsel for the GCM Prime Parties will be authorized and directed to release the Settlement Sum to the Trustee by wire transfer in accordance with wire instructions provided by the Trustee. The Settlement Sum will remain property of the GCM Prime Parties until received by the Trustee.

15. But no later than May 31, 2019, counsel to the GCM Prime Parties will provide a written confirmation to the Trustee's counsel that the Settlement Sum is being held in his escrow account for the benefit of the Gallant estate in connection with the terms of the Stipulation. In the event that the GCM Prime Parties fails to provide the Settlement Sum to counsel by May 31, 2019,

the Trustee has the right to rescind the Stipulation and this Motion, and at which time the Stipulation will be deemed null and void and of no force and effect.

16. Moreover, upon the Final Order approving the Stipulation and payment of the Settlement Sum, the Trustee will provide to the GCM Prime Parties exclusive access to the C-Axis CRM platform which is hosted in Softlayer hosting facilities. The Trustee will also convey and transfer to GCM Prime Parties all of the Debtors' right, title and interest in and to the platform and data contained therein, free and clear of all liens, claims and encumbrances. All data from the platform may be transferred to a new hosting server, costs of such transfer, if any, will be paid for by the GCM Prime Parties. Upon receipt of the written acknowledgement by the GCM Prime Parties that they have obtained access to the platform (and after approval of the Stipulation and receipt of the Settlement Sum), the Trustee will have no further liability for the continued hosting of the data on the platform and may terminate any contract in connection therewith and any such contract will be deemed to have been abandon pursuant to Bankruptcy Code § 554.

17. Lastly, upon payment of the Settlement Sum and access to the data, the Stipulation provides for appropriate releases by and between the Trustee and the GCM Prime Parties. Indeed, the Stipulation is a compromise and settlement of disputed claims and is the product of substantial arm's-length negotiations. The consideration provided by the Parties is acknowledged by all parties as good and sufficient consideration to effect, grant and approve the full extent of the releases granted therein.

**APPROVAL OF THE STIPULATION IS WARRANTED**

18. By this Motion, the Trustee seeks approval, pursuant to Bankruptcy Rule 9019(a), of the Stipulation as being fair and reasonable, and in the best interest of the Gallant estate. The

Trustee submits that the terms of the Stipulation far exceed the lowest level of reasonableness and urges this Court to approve the Stipulation.

19. The Trustee, through counsel, spent extensive time and energy analyzing the claims asserted and the defenses raised by the GCM Prime Parties. As stated above, the Trustee engaged in months of pre-litigation discovery with the GCM Prime Parties and also executed a tolling agreement extending the statute of limitations in the event a settlement could not be reached and an adversary proceeding had to be commenced. As a result of these efforts, the Trustee worked diligently to resolve the estate's claims and obtain a fair and reasonable Settlement Sum for the benefit of the Gallant estate and its creditors, while avoiding unnecessary protracted litigation.

20. Bankruptcy Rule 9019(a) applies to the approval of compromises and settlements and provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In deciding whether to approve a settlement, a bankruptcy court must determine that it is "fair, reasonable and adequately based on the facts and circumstances before the court." In re Rosenberg, 419 B.R. 532, 535 (Bankr. E.D.N.Y. 2009) (internal quotation omitted). In making this assessment, the "court must determine whether the settlement is in the best interests of the estate and whether it is 'fair and equitable.'" Id. at 536 (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).

21. The Courts in the Second Circuit consider such facts as: (a) the likelihood of success in the litigation compared to the present and future benefits offered by the settlement; (b) the prospect of protracted litigation if the settlement is not approved, as well as the related expense, inconvenience and delay, including potential difficulty in collecting on the judgment; (c) "the

paramount interests of the creditors" and the degree to which creditors support the settlement; (d) "whether the parties in interest support the settlement;" and, (e) whether the settlement was the result of arms' length bargaining. Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007) (citations omitted); see In re Rosenberg, 419 B.R. at 536–37 (quoting Motorola v. Official Comm., 478 F.3d at 462).

22. In assessing whether a settlement should be approved, the "court's responsibility is to 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983)). A focus on the substantive issues is appropriate, but the court need only canvass the issues and is not required to conduct a mini trial. Id. (citations omitted). "The applicable standards encourage courts to approve settlements in bankruptcy proceedings and related actions." Id. at 523; see In re Rosenberg, 419 B.R. at 536 (observing that it is well established that "settlements or compromises are favored in bankruptcy and, in fact, encouraged" (quotation and citation omitted)).

23. The Trustee submits that the proposed Stipulation is in the best interest of the Gallant estate and its creditors. As the Court is aware, some of the GCM Prime Parties are foreign entities, of whom it may be difficult to obtain jurisdiction. The Trustee was cognizant of the potential jurisdictional hurdles while negotiating with the GCM Prime Parties. The Trustee also closely analyzed the asserted defenses on a substantive level, which arguably reduced the exposure of the GCM Prime Parties. Ultimately, the Trustee weighed these factors and determined that the Settlement Sum offered by the GCM Prime Parties was a fair and reasonable amount, which was procured while limiting the estate's administrative expenses.

24. Accordingly, the Trustee exercised her sound business judgment in resolving the Trustee's claims in accordance with the terms and conditions set forth in the Stipulation, which is in the best interests of the Gallant estate and all creditors of such estate.

25. Based upon the foregoing, the Trustee respectfully requests that the Court authorize and approve the Stipulation pursuant to Bankruptcy Rule 9019(a).

26. No prior application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** for the reasons stated above, the Trustee respectfully requests that the Court grant the relief requested herein, approve Stipulation, and grant such other, further, and different relief as this Court deems just and proper.

Dated: May 17, 2019
      Wantagh, New York

                      **LAMONICA HERBST & MANISCALCO, LLP**
                      Counsel to Esther DuVal, the Chapter 11 Trustee

By:   *s/ Joseph S. Maniscalco*
       Joseph S. Maniscalco, Esq.
       3305 Jerusalem Avenue
       Wantagh, New York 11793
       Telephone: 516.826.6500

*M:\Documents\Company\Cases\Gallant and Avenica cases\AFX Adv Proc\Mtn to Approve Settlement\9019 Motion.docx*